# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| v. ) | |
| ) | **No. 03-20192-CM** |
| ) | |
| **DEMETRIUS HARGROVE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

This matter comes before the court on Demetrius Hargrove's Request for Consideration, Under Seal, Mr. Hargrove's Motions in Limine #1, #2, and #3 (Doc. 204). Defendant asks that the court place under seal the motions in limine, as well as the responses, replies, and orders pertaining to those motions. The government does not object to defendant's request. For the reasons stated in defendant's motion, the court grants defendant's motion.

The court notes that defendant also has filed a *pro se* Notice of Appeal (Doc. 211). Defendant appeals the court's denial of defendant's motion for a continuance of the trial setting. Under normal circumstances, "the filing of a timely notice of appeal from an appealable order divests the trial court of jurisdiction and confers jurisdiction on the court of appeals." *United States v. Mavrokordatos*, 933 F.2d 843, 846 (10th Cir. 1991). But that rule "presupposes that there is a valid appeal from an appealable order." *Euziere v. United States*, 266 F.2d 88, 91 (10th Cir. 1959), *vacated on other grounds*, 364 U.S. 282 (1960). When an order is not appealable, an attempt to appeal that order is just that – an attempt. *Id.* "It is a nullity and does not invest the

appellate court with jurisdiction, and consequently does not divest the trial court of its jurisdiction." *Id.* (citations omitted). The district court may also ignore the notice of appeal if it is deficient for the following reasons: (1) untimeliness; (2) lack of essential recitals; (3) reference to a non-appealable order; or (4) it otherwise is clearly invalid. *Arthur Anderson & Co. v. Finesilver*, 546 F.2d 338, 340 (10th Cir. 1976).

The court disregards defendant's *pro se* notice of appeal for three reasons. First, defendant appeals the court's denial of a continuance, which is not an immediately appealable "final order." *See United States v. Breeden*, 366 F.3d 369, 375 (4th Cir. 2004). Denial of a motion for a continuance can be effectively reviewed post-judgment. *Id.* (citations omitted). Second, defendant filed the notice on August 18, 2005, well after the ten day deadline for filing an appeal. *See* Fed. R. App. P. 4(b). He did not even sign it until August 12, 2005, also after the ten day deadline. And finally, defendant filed the notice *pro se* although he is represented by competent counsel. His notice of appeal is out of order. *See United States v. Guadalupe*, 979 F.2d 790, 795 (10th Cir. 1992).

For these reasons, the court rules on this pending motion, and will continue to rule on others. The trial will proceed as scheduled.[1]

Dated this 25th day of August 2005, at Kansas City, Kansas.

                                                 **s/ Carlos Murguia**
                                                 **CARLOS MURGUIA**
                                                 **United States District Judge**

---

[1] The court recognizes that defendant, through counsel, filed a second motion to continue the trial on August 24, 2005 (Doc. 215). This ruling is not intended to be a ruling on that motion. The court will consider that motion when it is fully briefed.