IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| **v.** ) | |
| ) | **No. 03-20192-CM** |
| ) | |
| **DEMETRIUS HARGROVE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### ORDER

This matter comes before the court on the Defendant's Motion Requesting Judge to Excuse Himself Voluntarily (Doc. 241). Defendant Demetrius Hargrove filed the motion *pro se*, although he is represented by competent counsel. For that reason, the motion is out of order. *See United States v. Guadalupe*, 979 F.2d 790, 795 (10th Cir. 1992). Nevertheless, because of the content of the motion, the court will set forth additional reasons for denying the motion.

The defendant requests recusal of the Court pursuant to 28 U.S.C. § 144, which provides as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

The court denies defendant's motion because it is not accompanied by a certificate of counsel of record stating that it is made in good faith, and because it fails to adequately state the facts and reasons for the belief of bias. Although defendant's failure to attach a certificate of counsel is reason alone to deny the motion, *United States v. Miller*, 355 F. Supp. 2d 404, 405-06 (D.D.C. 2005) (citations omitted), the court will also briefly discuss the content of the motion.

A judge is not automatically disqualified by the simple filing of an affidavit. *See United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976) (citation omitted). "A trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true." *Id.* (citation omitted). An affidavit must comply with § 144 before it is effective to disqualify a judge. *United States v. Anderson*, 433 F.2d 856, 859 (8th Cir. 1970); *see also Scott v. Beams*, 122 F.2d 777, 788 (10th Cir. 1941). A court's ruling on a question of law does not show the personal bias required for disqualification. *Knoll v. Socony Mobil Oil Co.*, 369 F.2d 425 (10th Cir. 1966) (citation omitted); *Riojas v. Turner*, 304 F. Supp. 559, 561-62 (D. Utah 1969). The court's demeanor and rulings in earlier phases of the same case may provide a basis for a claim of error, but they do not provide a basis for disqualification. *Botts v. United States*, 413 F.2d 41, 44 (9th Cir. 1969). Bias and prejudice must stem from some extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from his participation in the case. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

Defendant's affidavit contains allegations suggesting that the court has been unfair and biased in its rulings – specifically, what the defendant perceives as a denial of complete access to discovery, as well as

-3-

the court's denial of his motions for a continuance of the trial date.  Defendant's allegations are wholly inadequate to comply with the statutory requirements.  He is merely complaining about adverse rulings. Adverse rulings are not grounds for disqualification.  *Baker v. Simmons*, 65 Fed. Appx. 231, 237 (10th Cir. 2003).

For the above-stated reasons, Defendant's Motion Requesting Judge to Excuse Himself Voluntarily (Doc. 241) is denied.

Dated this 26th  day of September 2005, at Kansas City, Kansas.

                                             **s/ Carlos Murguia**
                                             **CARLOS MURGUIA**
                                             **United States District Judge**